UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ------------------------------------------- ) | |
| IN RE                                                          ) | CHAPTER 7 |
|                                                                      ) | |
| DIANNE G. ALLETTO,                             ) | CASE NO. 07-30636 (ASD) |
| f/k/a Dianne G. Cote,                            ) | |
|                                                                      ) | |
| DEBTOR                                               ) | Re: ECF No. 32, 41 & 45 |
| ------------------------------------------- ) | |

**BRIEF MEMORANDUM AND ORDER COMPELLING TURNOVER OF PROCEEDS OF PERSONAL INJURY CLAIM, SETTLEMENT DOCUMENTS AND DISGORGEMENT OF PROFESSIONAL FEES AND SCHEDULING FURTHER PROCEEDINGS**

The matters before the Court involve an attorney authorized by order of this Court to represent the Chapter 7 Trustee in her prosecution on behalf of the bankruptcy estate of a state court civil action involving a personal injury claim arising from a motor vehicle accident, and the attorney's settlement of that civil action and disbursement of settlement funds, without approval of this Court. As more fully set forth hereafter, the Court finds that the attorney's actions in this matter constitute a violation of the automatic stay of Bankruptcy Code Section 362(a) and an order of this Court, in accordance with which the Court orders the attorney to turn over and deposit with the Trustee the entire amount of the settlement proceeds as conditioned hereafter.

On March 23, 2007 (hereafter, the "Petition Date"), Dianne G. Cote, now Dianne G. Alletto (hereafter, the "Debtor"), commenced the underlying bankruptcy case through the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code. Bonnie C. Mangan, Esq. (hereafter, the "Trustee") was appointed Chapter 7 trustee of the bankruptcy estate. On July 21, 2009, the Court, on the Trustee's *Petition for Authority*

*to Employ and Appoint an Attorney* (hereafter, the "Petition to Employ"), ECF No. 28, entered an *Order Authorizing Appointment of Attorney for the Trustee* (hereafter, the "Retention Order"), ECF No. 30, authorizing the Trustee to retain Attorney Jeffrey D. Lynch, Esq., of the Law Firm of Perkins and Associates, as legal counsel for the Trustee, for the following purpose:

> to prosecute a personal injury claim in the case of Dianne G. Cote [now Dianne G. Alletto] v. Sean Norris [hereafter, the "Civil Action"], which arose from a motor vehicle accident that occurred on December 18, 2006

(bracketed language added), and ordering, *inter alia*,

> that payment of compensation and reimbursement of expenses incurred by Attorney Jeffrey D. Lynch of Perkins & Associates as counsel for the Trustee shall be computed on a contingent fee basis based on a one-third (1/3) contingency fee as limited by Connecticut General Statutes Section 52-251c, plus reasonable expenses, *subject to further orders of the Court after notice and a hearing upon proper application pursuant to Sections 330 and 331.*

(emphasis added).

On March 24, 2010, Attorney Lynch advised the Trustee by Email[1] that the Civil Action had been "settled for $33,000.00 [hereafter, the "Settlement Proceeds"] with a net to the [Debtor] [of] $15,555.61" (bracketed language added). It is undisputed that the Settlement Proceeds were actually distributed as follows: $15,555,61 to the Debtor, fees of $11,000.00 and expenses of $1331.82 (totaling $12,331,82) to Perkins and Associates, $4,748.83 to medical providers related to the underlying accident, and $363.74 for services of a Court Reporter. *See Settlement Memorandum* attached to

---

[1] In the Email Attorney Lynch noted that "I had previously called and left a message with your office when we were settling in January." March 24, 2010 Email, attached to Turnover Motion, ECF No. 32, as Part 4. At the Hearing the Trustee stated she had no recollection of receiving such a message.

2

*Motion for Approval of Attorney's Fees and Costs* (hereafter, the "Fee Application"), ECF No. 41. To date, court approval of the settlement of the Civil Action and/or disbursement of the Settlement Proceeds has not been sought or obtained.

On August 17, 2010, the Trustee filed a *Motion to Compel Turnover of Proceeds of Personal Injury Claim, Settlement Documents and Disgorgement of Professional Fees* (heretofore and hereafter, the "Turnover Motion"), ECF No. 32, seeking an order (i) compelling the Debtor to turn over settlement proceeds paid to her in the amount of $15,555.61, (ii) compelling the Debtor and Attorney Lynch to turn over all files and documents in connection with the Civil Action, and (iii) directing Attorney Lynch to disgorge all legal fees and expenses disbursed by him in violation of the Retention Order. On October 6, 2010, Attorney Lynch filed the Fee Application seeking *nunc pro tunc* approval of his legal fees and expenses pursuant to an attached Settlement Memorandum to which the Trustee has objected. *Objection to Application for Professional Fees*, ECF No. 55.

The Turnover Motion, along with the Fee Application, and the *Trustee's Objection to Debtor's Claim of Exemption* (hereafter, the "Exemption Objection"), ECF No. 45, were considered at a hearing held December 2, 2010 (hereafter, the "Hearing").

In *In Re Schissler*, 2007 WL 3254360 (Bankr. N.D.N.Y.),[2] the Honorable Stephen D. Gerling, Chief United States Bankruptcy Judge, addressing facts similar to those of the instant matter, determined that the law firm in that proceeding violated the automatic stay of 11 U.S.C. § 362(a)(3) as well as that Court's retention order. This Court adopts

---

[2] *See also* discussion of law in *In Re Earle*, 2007 WL 4117779 (Bankr. E.D.Tenn.).

the well-reasoned legal analysis of Chief Judge Gerling in *Schissler,* and, by application of that analysis to the particular facts of this case, finds that Attorney Lynch's disbursement of the Settlement Proceeds without Court approval violated §362(a)(3)[3] and the Retention Order, in accordance with which:

**IT IS HEREBY ORDERED** that on or before January 7, 2011, the Debtor shall (i) turn over and pay to the Trustee the sum of $15,555.61, to be held in escrow as property of the Debtor's bankruptcy estate pending further consideration of the matter as ordered hereafter, or, alternatively and in the event the Debtor lacks sufficient funds to timely tender this amount to the Trustee, (ii) turn over and pay to the Trustee such lesser amount as she may presently be able to pay, and shall file with the Court and serve upon the parties an affidavit reflecting the disposition and date of disposition of the $15,555.61 of the Settlement Proceeds paid to her by Attorney Lynch in connection with the settlement of the Civil Action, and

**IT IS FURTHER ORDERED** that on or before January 14, 2011, Attorney Lynch shall turn over and pay to the Trustee the sum of $33,000.00, *less* any amount actually paid by the Debtor to the Trustee as ordered in the immediately preceding decretal paragraph, to be held in escrow as property of the Debtor's bankruptcy estate pending further consideration of the matter as ordered hereafter, and

**IT IS FURTHER ORDERED** that on or before January 14, 2011, the Debtor and Attorney Lynch shall turn over to the Trustee all files, or copies thereof, they each may have in connection with the Civil Action, and

---

[3] 11 U.S.C. § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate".

**IT IS FURTHER ORDERED** that on or before January 28, 2011, the Trustee shall file and serve a *Motion to Approve Settlement Pursuant to Fed. R. Bankr. P. 9019(a)* (hereafter, "Settlement Motion")[4] seeking approval of the settlement of the Civil Action,[5] or in the alternative the Trustee shall file and serve a notice setting forth the basis for the Trustee's decision not to file the Settlement Motion (hereafter, the "Notice"), and

**IT IS FURTHER ORDERED** that a hearing to further consider:

a. the Motion,

b. the Settlement Motion or the Notice, whichever is filed,

c. the Fee Application, if prosecuted and otherwise appropriate,[6]

d. the Exemption Objection, and

e. such other matters as may be appropriate,

---

[4] Fed. R. Bankr. P. 9019 provides in pertinent part:

a) Compromise . . . . On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

[5] The orderly resolution of the various matters addressed herein, compels the Court to schedule one date related thereto. See 11 U.S.C. §105. In this regard the Court notes that approval of any Settlement Motion pursuant Fed. R. Bankr. P. 9019(a) is a prerequisite to substantive consideration of the Fee Application, and may be relevant to consideration of the Exemption Objection. In "directing" the Trustee to file the Settlement Motion the Court is, of course, cognizant that Fed. R. Bankr. P. 9019(a) provides authority for but does not require the Trustee to file such a motion. Accordingly, the Court provides the alternative Notice should the Trustee, after review of the documents related to the Civil Action or for other reasons, deem it inappropriate to seek approval of the settlement of the Civil Action.

[6] Incident to the Hearing, the Fee Application was marked off without prejudice.

shall be held before the undersigned at the United States Bankruptcy Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut (7th Floor) on <u>Thursday, February 17, 2011 at 11:00 AM.</u>

Dated: December 8, 2010                                  BY THE COURT

                                                         Albert S. Dabrowski
                                                         United States Bankruptcy Judge